GREGORY A. BRAY (Bar No. 115367)
gbray@milbank.com
MARK SHINDERMAN (Bar No. 136644)
mshinderman@milbank.com
JAMES C. BEHRENS (Bar No. 280365)
jbehrens@milbank.com
MILBANK, TWEED, HADLEY & McCLOY LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: (424) 386-4000/Facsimile: (213) 629-5063

*Counsel for Appellee Official Committee of Unsecured Creditors of Verity Health System of California, Inc.*, et al.,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| In re:<br><br>Verity Health System of California, Inc., et al.,[1]<br><br>Debtors and Debtors In Possession. | District Court Case Number:<br><br>2:19-cv-00133-DMG<br><br>Bankruptcy Court Lead Case Number:<br><br>2:18-bk-20151-ER<br><br>Adversary Case Number: N/A |
| Xavier Becerra<br>Attorney General of California,<br><br>Appellant,<br><br>v.<br><br>County of Santa Clara, Verity Health System of California, Inc., et al., and Official Committee of Unsecured Creditors of Verity Health System of California, Inc., et al.<br><br>Appellees. | **NOTICE OF APPELLEE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VERITY HEALTH SYSTEM OF CALIFORNIA, INC. REGARDING (I) DESIGNATION AS A PROPER APPELLEE BEFORE THIS COURT AND (II) INTENT TO OPPOSE THE CALIFORNIA ATTORNEY GENERAL'S MOTION FOR STAY PENDING APPEAL [DISTRICT COURT DOCKET NO. 6]** |

---

[1] The other Debtors in the chapter 11 cases, being jointly administered under Lead Case No. 2:18-bk-20151-ER, are O'Connor Hospital 2:18-bk-20168-ER, Saint Louise Regional Hospital 2:18-bk-20162-ER, St. Francis Medical Center 2:18-cv-20165-ER, St. Vincent Medical Center 2:18-bk-20164-ER, Seton Medical Center 2:18-cv-20167-ER, O'Connor Hospital Foundation 2:18-bk-20179-ER, Saint Louise Regional Hospital Foundation 2:18-cv-20172-ER, St. Francis Medical Center of Lynwood Foundation 2:18-cv-20178-ER, St. Vincent Foundation 2:18-cv-20180-ER, St. Vincent Dialysis Center, Inc. 2:18-cv-20171- ER Seton Medical Center Foundation 12:8-cv-20175-ER, Verity Business Services 2:18-cv-20173-ER, Verity Medical Foundation 2:18-cv-20169-ER, Verity Holdings, LLC 2:18-cv-20163-ER, DePaul Ventures, LLC 2:18-cv-20176-ER, and DePaul Ventures - San Jose Dialysis, LLC 2:18-cv-20181-ER.

#4822-2297-4087

**PLEASE TAKE NOTICE** that the Official Committee of Unsecured Creditors of Verity Health System of California, Inc., *et al.* (the "Committee"), appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (the "Debtors"), is a proper appellee (an "Appellee," and, collectively, one of the "Appellees") in the above-captioned appeal (the "Attorney General Appeal"), which is now pending before this Court.

**PLEASE TAKE FURTHER NOTICE** that the Attorney General commenced the Attorney General Appeal by filing its *Notice of Appeal and Statement of Election* [District Court Dkt No. 1] on January 7, 2019, in which it erroneously named the Debtors and the County of Santa Clara, but not the Committee, as Appellees.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court denied the Attorney General's request for a stay pending appeal with respect to the Attorney General Appeal, entering, on February 5, 2019, its *Order Denying California Attorney General's Motion to Stay the Court's Order (A) Authorizing the Sale of Certain of the Debtors' Assets to Santa Clara County Free and Clear of Liens, Claims, Encumbrances, and Other Interests Pending Appeal of the Court's Memorandum of Decision Overruling Objections of the California Attorney General and Sale Order* [Bankruptcy Dkt. No. 1464] (the "Stay Denial Order"), a true and correct copy if which is attached as Exhibit A hereto.

**PLEASE TAKE FURTHER NOTICE** that the Committee, which is a body appointed by the United States Trustee pursuant to 11 U.S.C. § 1102(a), submitted opposition papers and participated at argument as to the Stay Denial Order, all as reflected in the true and correct copy of the Bankruptcy Court's *Tentative Ruling* attached as Exhibit B hereto.

**PLEASE TAKE FURTHER NOTICE** that the Committee, in participating at argument as to the Stay Denial Order, was seeking to comply with the duties imposed on it by 11 U.S.C. § 1103 and was exercising the broad "party-in-interest" rights conferred on it by 11 U.S.C. § 1109(b). In light of such duties and rights, official committees have invariably been granted standing to participate in appeals from bankruptcy court orders. *See Southern Pacific Transp. Co. v. Voluntary Purchasing Groups, Inc.*, 227 B.R. 788 (E.D. Tex. 1998) ("person aggrieved" principles and statutory right granted to official committee under 11 U.S.C. 1109(b) to appear and

be heard on any issue in bankruptcy case extended to both trial and appellate court proceedings, and gave committee right to participate, and to file its own brief in support of bankruptcy court's decision); *see also In re General Store of Beverly Hills*, 11 B.R. 539 (9th Cir. BAP 1981) (granting official committee right to participate in appeal on behalf of its members); *In re Elkins Energy Corporation,* 7 B.R. 971, 973 n. 4 (W.D. Va. 1980) (observing that official committee could have brought appeal on behalf of its members to challenge interim award of attorney's fees).

**PLEASE TAKE FURTHER NOTICE** that the Committee, as a proper Appellee with respect to the Attorney General Appeal, intends to oppose the Attorney General's *Motion to Stay Pending Appeal of Bankruptcy Court's Order Authorizing Sale of Certain of Debtors' Assets to Santa Clara County Free and Clear of Liens, Claims, Encumbrances, and Other Interests* [District Court. Dkt. No. 6], which threatens the health care access of residents of Santa Clara County and which would cause irreparable injury to the Debtors and their creditors.

Dated: February 7, 2019        MILBANK, TWEED, HADLEY & McCLOY LLP

By:  /s/ *Gregory A. Bray*
GREGORY A. BRAY
MARK SHINDERMAN
JAMES C. BEHRENS

Counsel for Appellee Official Committee of Unsecured Creditors of Verity Health System of California, Inc., et al.

## **EXHIBIT A**

| | |
|---|---|
| 1  SAMUEL R. MAIZEL (Bar No. 189301)<br>samuel.maizel@dentons.com<br>2  JOHN A. MOE, II (Bar No. 066893)<br>john.moe@dentons.com<br>3  TANIA M. MOYRON (Bar No. 235736)<br>tania.moyron@dentons.com<br>4  DENTONS US LLP<br>601 South Figueroa Street, Suite 2500<br>5  Los Angeles, California 90017-5704<br>Tel: (213) 623-9300 / Fax: (213) 623-9924<br>6<br>Attorneys for the Chapter 11 Debtors and<br>7  Debtors In Possession | **FILED & ENTERED**<br><br>FEB 05 2019<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY evangeli  DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>VERITY HEALTH SYSTEM OF<br>CALIFORNIA, INC., *et al.*,<br><br>    Debtors and Debtors In Possession.<br><br>☒ Affects All Debtors<br><br>☐ Affects Verity Health System of California, Inc.<br>☐ Affects O'Connor Hospital<br>☐ Affects Saint Louise Regional Hospital<br>☐ Affects St. Francis Medical Center<br>☐ Affects St. Vincent Medical Center<br>☐ Affects Seton Medical Center<br>☐ Affects O'Connor Hospital Foundation<br>☐ Affects Saint Louise Regional Hospital<br>    Foundation<br>☐ Affects St. Francis Medical Center of Lynwood<br>    Foundation<br>☐ Affects St. Vincent Foundation<br>☐ Affects St. Vincent Dialysis Center, Inc.<br>☐ Affects Seton Medical Center Foundation<br>☐ Affects Verity Business Services<br>☐ Affects Verity Medical Foundation<br>☐ Affects Verity Holdings, LLC<br>☐ Affects De Paul Ventures, LLC<br>☐ Affects De Paul Ventures - San Jose ASC, LLC<br><br>    Debtors and Debtors In Possession. | Lead Case No. 2:18-bk-20151-ER<br><br>Jointly Administered With:<br><br>Case No. 2:18-bk-20162-ER<br>Case No. 2:18-bk-20163-ER<br>Case No. 2:18-bk-20164-ER<br>Case No. 2:18-bk-20165-ER<br>Case No. 2:18-bk-20167-ER<br>Case No. 2:18-bk-20168-ER<br>Case No. 2:18-bk-20169-ER<br>Case No. 2:18-bk-20171-ER<br>Case No. 2:18-bk-20172-ER<br>Case No. 2:18-bk-20173-ER<br>Case No. 2:18-bk-20175-ER<br>Case No. 2:18-bk-20176-ER<br>Case No. 2:18-bk-20178-ER<br>Case No. 2:18-bk-20179-ER<br>Case No. 2:18-bk-20180-ER<br>Case No. 2:18-bk-20181-ER<br><br>Hon. Judge Ernest M. Robles<br><br>**ORDER DENYING CALIFORNIA ATTORNEY GENERAL'S MOTION TO STAY THE COURT'S ORDER (A) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTORS' ASSETS TO SANTA CLARA COUNTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS PENDING APPEAL OF THE COURT'S MEMORANDUM OF DECISION OVERRULING OBJECTIONS OF THE CALIFORNIA ATTORNEY GENERAL AND SALE ORDER [DOCKET NO. 1219]**<br><br>Hearing:<br>Date:       January 30, 2018<br>Time:       10:00 a.m.<br>Location:  Courtroom 1568, 255 E. Temple St., Los<br>                 Angeles, CA |

1    At the above-referenced date, time, and location, the Court held a hearing on the
2    *California Attorney General's Motion To Stay The Court's Order (A) Authorizing The Sale Of*
3    *Certain Of The Debtors' Assets To Santa Clara County Free And Clear Of Liens, Claims,*
4    *Encumbrances, And Other Interests Pending Appeal Of The Court's Memorandum Of Decision*
5    *Overruling Objections Of The California Attorney General And Sale Order* (the "Motion")
6    [Docket No. 1219]. Appearances were as set forth on the record.

7    Having considered the Debtors' opposition to the Motion and the declarations of Richard
8    G. Adcock, Jeffrey Smith, Paul E. Lorenz, John Mills and Sarah H. Cody in support thereof
9    [Docket Nos. 1301, 1308, and 1337], the Debtors' evidentiary objections to the declaration of
10   Alicia Berry [Docket No. 1302], the *County of Santa Clara's Joinder in Debtors' Opposition to*
11   *California Attorney General's Motion to Stay Sale Order* [Docket No. 1334], the *Official*
12   *Committee of Unsecured Creditors' Objection to California Attorney General's Motion for Stay*
13   *Pending Appeal* [Doc. No. 1318], the Attorney General's reply to the various oppositions [Docket
14   No. 1365], and the Court's relevant prior decisions and orders, including the *Memorandum of*
15   *Decision Overruling Objections of the California Attorney General to the Debtors' Sale Motion*
16   [Docket No. 1146], and *Order (A) Authorizing the Sale of Certain of the Debtors' Assets to Santa*
17   *Clara County Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B)*
18   *Approving the Assumption and Assignment of an Unexpired Lease Related Thereto; and (C)*
19   *Granting Related Relief* [Doc. No. 1153]; and the Court having found that the Attorney General
20   provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under
21   the circumstances; and for the reasons set forth in the Court's tentative ruling [Doc. No. 1418],
22   which the Court adopts as its final ruling and which is incorporated herein by reference,

23   IT IS HEREBY ORDERED THAT:
24   The Motion is denied with prejudice.
25   **IT IS SO ORDERED.**

109826544\V-2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

###

Date: February 5, 2019

Ernest M. Robles
United States Bankruptcy Judge

## **EXHIBIT B**

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

| Wednesday, January 30, 2019 | Hearing Room 1568 |
|---|---|

**10:00 AM**

**2:18-20151**    Verity Health System of California, Inc.    **Chapter 11**

**#9.00**    HearingRE: [1219] Motion To Stay Pending Appeal (related documents 1207 Notice of Appeal and Statement of Election (Official Form 417A))

Docket    1219

**Matter Notes:**

1/30/2019

The amended tentative ruling will be the order.
Party to lodge order: Movant

**POST PDF OF Amended TENTATIVE RULING TO CIAO**

**Tentative Ruling:**

1/30/19

    For the reasons set forth below, the California Attorney General's Motion—which seeks a stay pending appeal of the Sale Order—is DENIED. (Amended after hearing to itemize the declarations filed in support of the Debtors' Opposition that the Court considered.)

**Pleadings Filed and Reviewed:**
1) California Attorney General's Motion to Stay the Court's Order (A) Authorizing the Sale of Certain of the Debtors' Assets to Santa Clara County Free and Clear of Liens, Claims, Encumbrances, and Other Interests Pending Appeal of the Court's Memorandum of Decision Overruling Objections of the California Attorney General and Sale Order [Doc. No. 1219] (the "Motion")
   a) Application for Order Setting Hearing on Shortened Notice [Doc. No. 1220]
   b) Order: (1) Denying California Attorney General's Application for a Hearing on Shortened Notice and (2) Setting Hearing on Attorney General's Motion for

# United States Bankruptcy Court
# Central District of California
## Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Wednesday, January 30, 2019**                                                                   **Hearing Room**    **1568**

10:00 AM
**CONT...**    **Verity Health System of California, Inc.**                                          **Chapter 11**

          Stay Pending Appeal for January 30, 2019, at 10:00 a.m. [Doc. No. 1226]
    c)  Notice of Hearing on [Motion] [Doc. No. 1235]
  2)  Debtors' Opposition to [Motion] [Doc. No. 1301]
    a)  Declaration of Richard G. Adocock [Doc. No. 1301]
        i)  Submission of Signature Page of Declaration of Richard G. Adcock in Support of Opposition [Doc. No. 1308]
    b)  Declaration of John Mills [Doc. No. 1301]
    c)  Declaration of Paul E. Lorenz [Doc. No. 1301]
    d)  Declaration of Jeffrey Smith, M.D., J.D. [Doc. No. 1301]
    e)  Declaration of Sara Cody, M.D. [Doc. No. 1301]
        i)  Submission of Signature Page of Declaration of Sara H. Cody in Support of Opposition [Doc. No. 1337]
    f)  The County of Santa Clara's Joinder in Debtors' Opposition to California Attorney General's Motion to Stay Sale Order [Doc. No. 1334]
    g)  Objection to Declaration of Alicia Berry in Support of [Motion] [Doc. No. 1302]
  3)  Official Committee of Unsecured Creditors' Objection to California Attorney General's Motion for Stay Pending Appeal [Doc. No. 1318]
  4)  Reply to Oppositions Filed by Debtors, County of Santa Clara, and the Official Creditors' Committee to California Attorney General's [Motion] [Doc. No. 1365]
  5)  Relevant Prior Decisions and Orders of the Court:
    a)  Memorandum of Decision Overruling Objections of the California Attorney General to the Debtors' Sale Motion [Doc. No. 1146]
    b)  Order (A) Authorizing the Sale of Certain of the Debtors' Assets to Santa Clara County Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Approving the Assumption and Assignment of an Unexpired Lease Related Thereto; and (C) Granting Related Relief [Doc. No. 1153] (the "Sale Order")

## I. Facts and Summary of Pleadings

    On August 31, 2018 (the "Petition Date"), Verity Health Systems of California ("VHS") and certain of its subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On August 31, 2018, the Court entered an order granting the Debtors' motion for joint administration of the Debtors' Chapter 11 cases. Doc. No. 17.

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, January 30, 2019**　　　　　　　　　　　　　　　　　　　　　　　　　　**Hearing Room**　　**1568**

10:00 AM
**CONT...**　　　**Verity Health System of California, Inc.**　　　　　　　　　　　　　　　　**Chapter 11**

　　　On December 19, 2019, the Court conducted a hearing on the Debtors' motion for authorization to sell Saint Louise Regional Hospital ("St. Louise") and O'Connor Hospital ("O'Connor," and together with St. Louise, the "Hospitals") to the County of Santa Clara ("Santa Clara"). On December 26, 2018, the Court entered a *Memorandum of Decision Overruling Objections of the California Attorney General to the Debtors' Sale Motion* [Doc. No. 1146] (the "Sale Memorandum"). Among other things, the Sale Memorandum found that the Debtors were authorized to sell the Hospitals, free and clear of various conditions imposed by the Attorney General in connection with a 2015 restructuring transaction (the "Conditions"). On December 27, 2018, the Court entered an *Order (A) Authorizing the Sale of Certain of the Debtors' Assets to Santa Clara County Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Approving the Assumption and Assignment of an Unexpired Lease Related Thereto; and (C) Granting Related Relief* [Doc. No. 1153] (the "Sale Order"). The sale is currently projected to close on March 4, 2019.
　　　On January 7, 2019, the California Attorney General (the "Attorney General") appealed the Sale Order. On January 9, 2019, the Attorney General filed a motion to stay the Sale Order pending appeal (the "Motion"), and filed an application seeking a hearing on the Motion on shortened notice (the "Application"). The Court declined to hear the Motion on shortened notice for the following reasons:

> The Application assumes that an emergency hearing on the Motion is necessary to prevent the California Attorney General's appeal of the [Sale Order] … from becoming statutorily moot pursuant to § 363(m) of the Bankruptcy Code. Pursuant to the Asset Purchase Agreement, the transactions authorized by the Sale Order cannot close until after hearings on the Debtors' motions seeking authorization to modify and/or reject various collective bargaining agreements, which are scheduled to take place on January 30, 2019. Section 363(m)'s statutory mootness provisions are not triggered unless (a) the Attorney General fails to obtain a stay pending appeal (b) prior to the closing of the transactions contemplated by the Sale Order. *See, e.g., Brown v. Ellman (In re Brown)*, 851 F.3d 619, 622 (6th Cir.), *cert. denied sub nom. Brown v. Ellmann*, 138 S. Ct. 328, 199 L. Ed. 2d 212 (2017) ("appeals from a bankruptcy court's decision to grant the trustee authority to sell certain property are moot if the appellant has failed to obtain a stay from the bankruptcy court's order *and the trustee has already conveyed the property to a bona fide purchaser for value*") (emphasis added). In the Court's view, the

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, January 30, 2019**                                                    Hearing Room    1568

10:00 AM
**CONT...**     **Verity Health System of California, Inc.**                                       **Chapter 11**
Attorney General's fear that his appeal of the Sale Order will become statutorily moot absent an emergency hearing on the Motion is not well founded.

Order: (1) Denying California Attorney General's Application for a Hearing on Shortened Notice and (2) Setting Hearing on Attorney General's Motion for Stay Pending Appeal for January 30, 2019, at 10:00 a.m. [Doc. No. 1226] (footnotes omitted).

**Summary of Papers Filed in Connection with the Motion**
In support of his contention that he is likely to prevail upon appeal, the Attorney General reiterates the arguments that he made in opposition to the Sale Motion. The Attorney General asserts that absent a stay pending appeal, he will suffer irreparable injury, based on the possibility that his appeal of the Sale Order may become statutorily moot. The Attorney General contends that the balance of hardships weighs in favor of a stay. According to the Attorney General, a stay will only minimally affect the Debtors by slightly delaying a distribution to creditors. Finally, the Attorney General asserts that a stay is in the public interest because it would allow him to continue enforcing the Conditions, thereby vindicating his policy and regulatory powers.

The Debtors oppose the Motion. The Debtors contend that the Attorney General is not likely to prevail upon appeal because he has not shown that the sale is subject to his review. The Debtors dispute the Attorney General's contention that he will suffer irreparable harm absent a stay. Richard Adcock, the CEO of Debtor VHS, testifies that if a stay pending appeal is granted, "the Sale will be in material danger of collapsing and not closing." Adcock Decl. at ¶6.

The Official Committee of Unsecured Creditors (the "Committee") opposes the Motion. The Committee contends that if the sale is not timely consummated, the likely outcome will be that the Hospitals will be shut down and the Debtors' estates liquidated.

In his Reply to the Oppositions submitted by the Debtor and the Committee, the Attorney General notes that Santa Clara has not made a legally binding commitment to provide various healthcare services required by the Conditions, which the Attorney General contends are essential. The Attorney General disputes the assertion that a stay will cause the sale to collapse.

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, January 30, 2019**     Hearing Room    **1568**

10:00 AM
**CONT...**      **Verity Health System of California, Inc.**     **Chapter 11**

### II. Findings and Conclusions

At the outset, the Court addresses the Debtors' evidentiary objections to the Declaration of Deputy Attorney General Alicia Berry (the "Berry Decl."). The Berry Decl. summarizes actions undertaken by the Attorney General in connection with the imposition of the Conditions, including the retention of a healthcare expert who assisted in developing the Conditions. The Debtors object to the Berry Decl. as hearsay, arguing that the declaration is an effort to introduce the expert testimony of an unidentified healthcare expert.

The Court will consider the Berry Decl., but only for the purpose of providing background information relating to the imposition of the Conditions. Because the healthcare expert has not been identified and has not submitted a declaration, the Berry Decl. provides no evidentiary support for arguments regarding the effect of the Conditions on public health and safety.

Turning to the merits, the Attorney General's application for a stay pending appeal of the Sale Order is denied. Pursuant to Fed. R. Bankr. P. 8007(a)(1), the Court may issue a stay of a judgment, order, or decree pending appeal. In determining whether to grant a stay pending appeal, the Court considers the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 426 (2009).

As the Supreme Court has explained, a stay pending appeal

> "is not a matter of right, even if irreparable injury might otherwise result." *Virginian R. Co.,* 272 U.S., at 672, 47 S.Ct. 222. It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.,* at 672–673, 47 S.Ct. 222; see *Hilton, supra,* at 777, 107 S.Ct. 2113 ("[T]he traditional stay factors contemplate individualized judgments in each case"). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion….
>
> The first two factors of the traditional standard are the most critical. It is not enough that the chance of success on the merits be "better than negligible." … By the same token, simply showing some "possibility of irreparable injury," *Abbassi v. INS,* 143 F.3d 513, 514 (C.A.9 1998), fails to satisfy the second

# United States Bankruptcy Court
# Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, January 30, 2019**                                                                 Hearing Room    1568

10:00 AM
**CONT...**        **Verity Health System of California, Inc.**                                             **Chapter 11**

factor. *Id.* at 433–35.

To be entitled to a stay pending appeal, the moving party must make a "minimum permissible showing" with respect to each of the four factors. *Leiva-Perez v. Holder,* 640 F.3d 962, 965 (9th Cir. 2011). Provided the moving party meets a minimum threshold as to each factor, the Court may "balance the various stay factors once they are established." *Id.* at 965. Under this balancing approach, a stronger showing of irreparable harm can offset a weaker showing of likelihood of success on the merits, and vice versa—provided that the minimum threshold with respect to each factor has been established. *Id.* at 965–66; *see also id.* at 964 ("Petitioner must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor. These standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified.").

1. Likelihood of Success on the Merits

As the Ninth Circuit has explained:

> The first showing a stay petitioner must make is "a strong showing that he is likely to succeed on the merits." *Id.* at 1761 (quoting *Hilton,* 481 U.S. at 776, 107 S.Ct. 2113) (quotation marks omitted). There is some uncertainty as to the exact degree of likely success that stay petitioners must show, due principally to the fact that courts routinely use different formulations to describe this element of the stay test. What is clear, however, is that to justify a stay, petitioners need not demonstrate that it is more likely than not that they will win on the merits….
>
> There are many ways to articulate the minimum quantum of likely success necessary to justify a stay—be it a "reasonable probability" or "fair prospect," as *Hollingsworth,* 130 S.Ct. at 710, suggests; "a substantial case on the merits," in *Hilton*'s words, 481 U.S. at 778, 107 S.Ct. 2113; or, as articulated in *Abbassi,* 143 F.3d at 514, that "serious legal questions are raised." We think these formulations are essentially interchangeable, and that none of them demand a showing that success is more likely than not. Regardless of how one expresses the requirement, the idea is that in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits.

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, January 30, 2019**                                                                 **Hearing Room**   **1568**

**10:00 AM**
**CONT...**     **Verity Health System of California, Inc.**                                              **Chapter 11**

*Leiva-Perez*, 640 F.3d at 967–68.

The Attorney General has failed to demonstrate that he is likely to succeed on the merits. The Sale Memorandum set forth in detail the Court's reasons for overruling the Attorney General's opposition to the Sale Motion. In the instant Motion, the Attorney General reiterates arguments previously rejected by the Court. The Attorney General does not present any new arguments showing that reconsideration of the findings contained in the Sale Memorandum is warranted.

Of particular significance is the Attorney General's inability to identify any specific provision of California law that provides him with either authority to review the sale, or authority to insist that the Conditions continue to apply subsequent to the sale. In the Sale Memorandum, the Court explained why the Attorney General lacked the ability to review the sale under Cal. Corp. Code §§ 5914–30. *See* Sale Memorandum at 9–11. The Court then noted that the Attorney General had not identified any specific provision of California law establishing his authority to review the sale. *Id.* The Attorney General still has not identified any specific statutory provision that establishes his authority to review the sale.

2. Irreparable Injury

The Attorney General argues that he will be irreparably injured absent a stay because the closing of the sale, in conjunction with the Court's finding that Santa Clara is a good-faith purchaser within the meaning of § 363(m), will render an appeal moot. As a result, the Attorney General argues, he will be unable to obtain appellate review of an important issue affecting the welfare of the people of California.

Outside the bankruptcy context, the Ninth Circuit has held that the certainty that an appeal will become moot is enough to constitute irreparable injury. *See Artukovic v. Rison,* 784 F.2d 1354, 1356 (9th Cir.1986). However, within bankruptcy, a majority of courts have concluded that mootness does not demonstrate irreparable injury. *See, e.g., Ohanian v. Irwin (In re Irwin)*, 338 B.R. 839, 853 (E.D. Cal. 2006) ("It is well settled that an appeal being rendered moot does not itself constitute irreparable harm"); *In re Red Mountain Mach. Co.*, 451 B.R. 897, 908-09 (Bankr. D. Ariz. 2011) (internal citations omitted) ("[T]he law is clear in the Ninth Circuit that irreparable injury cannot be shown solely from the possibility that an appeal may be moot"); *In re Convenience USA, Inc.*, 290 B.R. 558, 563 (Bankr. M.D.N.C. 2003) (stating that "a majority of the cases which have considered the issue have found that the risk that an appeal may become moot does not, standing alone, constitute irreparable injury" and citing cases).

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, January 30, 2019**                                                    **Hearing Room    1568**

10:00 AM
CONT...       **Verity Health System of California, Inc.**                                   **Chapter 11**
     This Court addressed the Attorney General's motion for a stay pending appeal in *In re Gardens Reg'l Hosp. & Med. Ctr., Inc.*, 567 B.R. 820, 831–32 (Bankr. C.D. Cal. 2017), *appeal dismissed,* No. 2:16-BK-17463-ER, 2018 WL 1229989 (C.D. Cal. Jan. 19, 2018). On the facts presented in *Gardens*, the Court found that the likelihood of mootness did amount to irreparable harm, although it found the question to be a close one. *Id.* The Court explained that the "inquiry is complicated in this case by the fact that the Attorney General seeks review of an important issue of state law that will likely recur in future bankruptcy cases." *Id.*
     As set forth above, despite having been provided multiple opportunities to do so, the Attorney General still has not identified the specific statutory provision establishing his authority to review the sale or to insist upon continued applicability of the Conditions. The legal arguments raised by the Attorney General here are far weaker than the arguments presented in *Gardens*. Given the lack of merit in the Attorney General's arguments, the Court finds that the likelihood of mootness does not constitute irreparable injury.

3. Balance of the Hardships
     The injury to the Debtors and to other stakeholders resulting from issuance of a stay will be substantially greater than the injury to the Attorney General from denial of a stay. Richard Adcock, the CEO of Debtor VHS, testifies that if the Sale Order is stayed, "it is my opinion that the sale will be in material danger of collapsing and not closing." Adcock Decl. at ¶6. Mr. Adcock's testimony is corroborated by the testimony of Jeffrey Smith, the County Executive for the County of Santa Clara. Mr. Smith testifies that stay "would effectively terminate the [sale] Transaction." Smith Decl. at ¶8.
     The Debtors have expended significant resources in reliance upon the Sale Order. More than 100 people have been working with representatives of Santa Clara County to effectuate the transfer of the Hospitals' operations. *Id.* at ¶7. Among other things, the parties have spent significant time preparing a Transition Services Agreement; transferring the Hospitals' information technology functions to Santa Clara County; communicating with the public regarding the transition; conducting job fairs to facilitate the transition; attending to various accounting and financial management issues; and preparing legal documents necessary for the transition. *Id.* at ¶10. If the sale collapses, all of that work will have been wasted.
     A stay of the Sale Order would harm employee morale at the Hospitals by creating additional uncertainty. Following entry of the Sale Order, 104 employees who worked

# United States Bankruptcy Court
# Central District of California
## Los Angeles
## Judge Ernest Robles, Presiding
## Courtroom 1568 Calendar

**Wednesday, January 30, 2019**                                                                    **Hearing Room   1568**

**10:00 AM**
**CONT...    Verity Health System of California, Inc.                                                        Chapter 11**

at the Hospitals between September 4, 2018 and December 28, 2018 have left. Mills Decl. at ¶13. The uncertainty created by a stay could cause more employees to leave, further damaging the Hospital's operations.

By contrast, denial of a stay will most likely result in the Attorney General being unable to obtain appellate review of the Court's decision. This injury is less severe than the injuries that would be suffered by the Debtors and other stakeholders were a stay issued, because the Court has found that the Attorney General's appeal is unlikely to succeed and does not raise serious legal questions.

<u>4. Public Interest</u>

The public interest weighs strongly against staying the Sale Order. The most probable outcome of a stay would be the collapse of the sale. If the sale collapsed, there is a strong possibility that the Debtors would lack sufficient funds to maintain operations pending a sale to another buyer, and would be required to close the Hospitals. Closure of the Hospitals, even if it were temporary, would severely harm the public interest.

The Attorney General's theory is that public health and welfare can be adequately protected only if he has the opportunity to enforce the Conditions. This argument overlooks the reality that enforcement of the Conditions would likely lead Santa Clara to withdraw from the sale. The Hospitals would then likely be closed for an extended period time until a sale to a new buyer could be consummated. Far from protecting public health and welfare, a stay would set in motion a series of events that, in all probability, would reduce the availability of healthcare services to the public.

No appearance is required if submitting on the court's tentative ruling. If you intend to submit on the tentative ruling, please contact Jessica Vogel or Daniel Koontz, the Judge's Law Clerks, at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

| Party Information |
|---|

**Debtor(s):**

    Verity Health System of California,          Represented By
                                                                        Samuel R Maizel

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Ernest Robles, Presiding
Courtroom 1568 Calendar

**Wednesday, January 30, 2019**                                                                                       **Hearing Room   1568**

<u>10:00 AM</u>
**CONT...**    **Verity Health System of California, Inc.**                                                                                 **Chapter 11**

                          John A Moe II
                          Tania M Moyron
                          Claude D Montgomery
                          Sam J Alberts
                          Shirley  Cho
                          Patrick  Maxcy